499 A.2d 666

Robert SEIBEL, Administrator of the Estate of Deborah G. McCann, Deceased; and All Others Similarly Situated, Appellants,

v.

ALLSTATE INSURANCE COMPANY.

Superior Court of Pennsylvania.

Argued April 30, 1985.

Filed Oct. 11, 1985.

Richard C. Angino, Harrisburg, for appellants.

William T. Barker, Harrisburg, for appellee.

Before TAMILIA, MONTGOMERY and ROBERTS, JJ.

ROBERTS, Judge:

Appellant Robert Seibel, administrator of the estate of Deborah McCann, filed a class action complaint seeking work loss benefits under the No-Fault Motor Vehicle Insurance Act, 40 P.S. § 1009.101 et seq. (repealed 1984) for his decedent and for other decedents similarly situated. Appellant now challenges the trial court's order denying class certification and granting the motion of appellee, Allstate Insurance Company, for summary judgment on appellant's individual claim. We affirm.

Though the parties disagree about the legal ramifications of some of the facts of this case, the decisional facts are substantially undisputed. Appellant's decedent was killed in an automobile accident on February 27, 1980. The car in which she was riding as a passenger was insured by appellee, who was promptly informed of the accident. A claim for work loss benefits, however, does not appear to have been made until December 1981. Due to appellee's inadvertent misrouting of correspondence pertaining to the claim, benefits were not paid to appellant. Consequently, appellant's counsel filed the present action in June 1982, seeking on behalf of decedent's estate work loss benefits with interest and counsel fees under each of the two policies covering decedent, and like benefits for similarly situated decedents.

On April 18, 1983, appellee sent appellant a check for $18,425, along with a letter characterizing the sum as an unconditional tender of $15,000 in work loss benefits plus 18% interest from January 10, 1982 until the date of the letter.[1] The letter also expressed appellee's willingness to pay reasonable counsel fees for this period. In a letter dated April 26, 1983, appellant's counsel accepted the check for his client "as partial payment for our work loss claim" and indicated that he had prepared a bill for his services in the present action. In September 1983, appellee paid appellant $2500, purportedly in settlement of appellant's counsel fees claim.

On January 30, 1984, appellant moved, *inter alia*, for class certification and for partial summary judgment on the issue of appellee's liability. Appellee subsequently moved for summary judgment as to appellant's individual claim. While these motions were being filed and decided, a number of petitions to intervene in the class action were filed.

1. No-fault benefits become payable 30 days after the claim is first made. See 40 P.S. § 1009.106(a)(2); see also *Hartleb v. Ohio Casualty Co.*, 305 Pa.Super. 231, 237–38, 451 A.2d 506, 510 (1982). The letter in which appellant, through his counsel, first requested work loss benefits was dated Dec. 11, 1981.

After a hearing, the trial court denied appellant's motions for class certification and for partial summary judgment and granted appellee's summary judgment motion in an order dated August 3, 1984. Appellant filed a timely petition for reconsideration of class certification, which was dismissed by the court without a hearing after appellant filed the present appeal from the August 3, 1984 order. The petitions to intervene were subsequently dismissed, also without a hearing.

Appellant raises three issues in support of his contention that the trial court erred in denying certification of his class action and in dismissing his petition for reconsideration: 1) partial settlement of the representative plaintiff's claim does not render the class action moot; 2) even complete settlement of the representative plaintiff's claim does not render the class action moot where intervenors are available to replace the representative; and 3) the trial court improperly concluded that appellant failed to prove that two of the requisites of a class action exist in the present case.[2] We need not address the first two issues, since the third provides sufficient reason to uphold the trial court's denial of certification. Rule 1702 of the Pennsylvania Rules of Civil Procedure establishes the following prerequisites for maintaining a class action:

One or more members of a class may sue or be sued as representative parties on behalf of all members in a class action only if

(1) the class is so numerous that joinder of all members is impracticable;

**2.** · Appellant also contends that the trial court erred in rejecting, without a hearing, the third party petitions to intervene. None of the would-be intervenors have joined the present appeal, and no appeals have been filed from the trial court's denial of the petitions to intervene. Consequently, we doubt appellant has standing to raise this argument. See, e.g., *John G. Bryant Co. v. Sling Testing & Repair, Inc.*, 471 Pa. 1, 16, 369 A.2d 1164, 1171 (1977) (party may not appeal an order not adverse to itself); see also Pa.R.A.P. 501 ("any party who is aggrieved" may appeal an appealable order). Even if appellant has standing to raise this argument, we need not address it in light of our affirmance of the denial of certification on other grounds.

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class;

(4) the representative parties will fairly and adequately assert and protect the interests of the class ... and

(5) a class action provides a fair and efficient method for adjudication of the controversy....

Pa.R.C.P. 1702.

The trial court found that appellant's allegations failed to satisfy its burden with respect to the numerosity of the class and the capability of the representative plaintiff to assert the class interests. As this court recently observed, "[a] lower court's order concerning class certification will not be disturbed on appeal unless the court failed to consider the requirements of the rules or abused its discretion in applying them." *Janicik v. Prudential Insurance Company of America*, 305 Pa.Super. 120, 127, 451 A.2d 451, 454 (1982). We find no such failure or abuse here.

Appellant's contention that the trial court erred in concluding that the prerequisites for certification had not been met appears to be based on three grounds: 1) appellee never supplied appellant with data on the number of members in the putative class, though appellant repeatedly requested such data through discovery; 2) the same judge whose order is before us on appeal has recently granted certification in similar cases; 3) appellee, not appellant, had the burden of proof on the issues of numerosity and capability, and failed to produce evidence refuting appellant's allegations that these prerequisites were met. All three of these arguments are meritless.

The first argument fails because appellee's refusal to supply data as to the number of class members did not prevent appellant from making appropriate factual allegations in his petition for reconsideration or from supporting those allegations with evidence. Consequently, we cannot view appellee's refusal as excusing appellant from making

this showing in his original certification petition. The second argument also fails because we may not consider what the trial court has done in allegedly similar, but unrelated cases, since we may not base our decision on matters outside the record of the present case. See *McCaffrey v. Pittsburgh Athletic Association*, 448 Pa. 151, 162, 293 A.2d 51, 57 (1972).

Finally, appellant's assertion that appellee had the burden of proof on numerosity and capability misstates the law on this issue. The existence of the Rule 1702 prerequisites must be pleaded and proved by the party seeking certification. *Janicik*, 305 Pa.Super. at 127, 451 A.2d at 454. The class proponent need not set forth separate facts to prove each requirement, but must establish enough facts from which the court can make the necessary determinations as to each requirement. Id., 305 Pa.Superior Ct. at 130, 451 A.2d at 455. Well pleaded factual allegations, if admitted by the opponent, may be considered as evidence by the court in making these determinations, see id., and factual allegations that are not properly denied by the opponent are deemed admitted, see Pa.R.C.P. 1706; see also Pa.R.C.P. 1029. Once the proponent of the class has made a prima facie showing that the prerequisites of Rule 1702 are met, the burden of producing evidence shifts to the opponent, though the proponent retains the burden of persuasion. *Janicik*, 305 Pa.Super. at 130, 451 A.2d at 455–56.

Appellant's complaint, as amended, contains no factual allegations showing that the putative class meets the requirements of Rule 1702; it merely asserts, in conclusory terms, that the requirements of Rule 1702 are met.[3] No

3. Appellant amended his complaint on January 24, 1983, adding more specific factual allegations concerning his decedent; the class action allegations were unchanged by the amendment. Those allegations are as follows:

12. Paragraphs 1 through 11 of the Amended Complaint [containing specific allegations concerning appellant's decedent] are incorporated herein by reference.

13. The class of plaintiffs includes all insureds of defendant who were covered by the Pennsylvania No-Fault Act with respect to their fatal injuries, whether same occurred inside or outside the Com-

affidavits or other documentation were filed with this complaint or with appellant's certification petition.[4] Nor did appellant produce any evidence at the certification hearing, though the trial court had given appellant the opportunity to postpone the hearing if necessary in order to obtain such evidence. See Trial Court Opinion at 4–5 & n.1. Instead, appellant asked the trial court to take judicial notice, without factual support, "of the number of vehicles insured in Pennsylvania and the number of highway deaths occurring annually." Trial Court Opinion at 6.

■■■■ Class certification should be liberally granted, and the trial court may hold the burden of establishing the requisites of Rule 1702 to be more easily satisfied where the underlying facts are undisputed. See *Janicik*, 305 Pa.Super. at 129, 451 A.2d at 455. We do not believe, however, that this burden may be met by "conclusory

monwealth of Pennsylvania, since the time of the passage of the No-Fault Act.
14. Plaintiffs aver that the total number of all class members is so numerous that their joinder would be impracticable.
15. Plaintiffs also aver that many of the members of the class are unaware of their rights because of the defendant's actions in refusing to pay such claims or even alerting their insureds as to the possible existence of such claims.
16. The questions of law or fact raised in the instant action are common to all members of the class.
17. Claims of the representative parties are typical, if not identical, to the claims of the class.
18. The representative parties will fairly and adequately represent the class in that competent counsel has been retained, has no potential or actual conflict or interest with other possible members of the class, and can acquire financial resources to insure the interest of the class will not be harmed.
Amended Complaint, Jan. 24, 1983, at 3–4.

4. On Feb. 17, 1984, appellant filed a one-page document captioned "Plaintiffs' Brief in Support of Plaintiffs' Motion for Partial Summary Judgment and Consolidation and Petition for Certification of Class," but this document merely "incorporated by reference" briefs previously filed by appellant's counsel in other class actions. The briefs in those actions are not part of the record in the case before us, and therefore cannot be considered in deciding this appeal. See, e.g., *McCaffrey v. Pittsburgh Athletic Association*, 448 Pa. 151, 162, 293 A.2d 51, 57 (1972).

allegations" alone, even where, as here, the class opponent raises no evidence to contradict the class allegations.[5] *Id.,* 305 Pa.Superior Ct. at 140, 451 A.2d at 455. Cf. *Rex v. Owens ex rel. State of Oklahoma,* 585 F.2d 432, 436 (10th Cir.1978) (some evidence that an ascertainable number of persons are in the class needed to meet numerosity requirement). Here, appellant offered nothing but conclusory allegations to the trial court. Consequently, we find no abuse of discretion in the trial court's denial of certification.[6]

■■■■ Appellant's attempt to challenge the trial court's refusal of his petition for reconsideration is improper. An order denying reconsideration of a final order is not appealable unless the court retains control of the proceedings. E.g., *Merrick Estate,* 432 Pa. 450, 454, 247 A.2d 786, 787–88 (1968); *Provident National Bank v. Rooklin,* 250 Pa.Super. 194, 202, 378 A.2d 893, 897 (1977) (en banc). An order denying class certification is final and appealable. *Bell v. Beneficial Consumer Discount Company,* 465 Pa. 225, 226, 348 A.2d 734, 734 (1975). The trial court's order dismissing appellant's petition for reconsideration did not retain control over the proceedings. Consequently, we may not consider appellant's arguments with regard to that petition.

Lastly, appellant contends that summary judgment was improperly entered against him on his individual claim,

---

**5.** Nor can it be said that appellant's class allegations must be accepted as evidence because appellee failed to deny them as required by Pa.R.C.P. 1706 and Pa.R.C.P. 1029. Rule 1706 specifically refers to "averments of fact." See Pa.R.C.P. 1706. No such averments were made in the class allegations section of appellant's complaint. See *supra* note 3.

**6.** We note that our decision to affirm the trial court's denial of certification will not preclude recovery by members of the class appellant purports to represent. In a recent decision, the Court of Common Pleas of DauphinCounty certified a class that includes as a subclass the same class appellant seeks to represent. See *Kraft v. Allstate Insurance Co.,* No. 2557 S. 1984, slip op. at 13 (Pa.C.P. Dauphin County May 20, 1985). An order certifying a class is interlocutory and nonappealable. *Piltzer v. Independence Federal Savings & Loan Ass'n,* 456 Pa. 402, 405, 319 A.2d 677, 678 (1974).

because material issues of fact were still present in the case. Having examined the record in the light most favorable to appellant, as we are required to do, see *Lane v. Schacht,* 260 Pa.Super. 68, 74, 393 A.2d 1015, 1018 (1978) (en banc), we are compelled to disagree with appellant.

Appellant's individual claim was for work loss benefits plus interest on both policies issued by appellee, and counsel fees for prosecuting both the individual claim and the class action. The trial court found that work loss benefits plus interest had been paid in full under one policy, and that any attempt by appellant to recover under the other policy had been foreclosed by law. As for counsel fees, the court found that appellant's claim for fees pertaining to attempts to recover under the original policy had been settled. Attempts to recover counsel fees for pursuing recovery under the other policy or in the class action, the court concluded, were foreclosed when the court rejected those claims as a matter of law.

Appellant apparently does not contest the court's conclusion that his claim for work loss benefits plus interest under the original policy was satisfied by the check he accepted through counsel in April 1983. He argues, however, that his acceptance of that check did not preclude pursuit of his individual claim under decedent's other no-fault policy, or of the class action, or of counsel fees for pursuing the remaining part of his individual claim and the class action. The trial court accepted this argument. However, as we have already concluded, the trial court correctly refused to grant certification. Appellant's individual claim was also precluded on grounds other than the settlement at the time the court rendered summary judgment.

The trial court based its finding that appellant's claim for benefits on the second policy was precluded on this court's decision in *Antanovich v. Allstate Insurance Company,* 320 Pa.Super. 322, 467 A.2d 345 (1983). That decision has since been affirmed by our Supreme Court. *Antanovich v.*

*Allstate Insurance Company,* 507 Pa. 68, 488 A.2d 571 (1985).

In *Antanovich,* administrators of the estates of decedents killed in automobile accidents claimed work loss and other no-fault benefits under all policies on which decedents had paid premiums. See id., 507 Pa. at 71, 488 A.2d at 572. A clause in decedents' policies prohibited such "stacking" of benefits. See id., 507 Pa. at 72–73, 488 A.2d at 572–73. The Supreme Court held that "the No-Fault Act, since repealed, contains no indication of policy clear enough to void a plain, unambiguous provision in an insurance contract which precludes stacking work loss benefits." Id., 507 Pa. at 76, 488 A.2d at 575. Consequently, the Court upheld the denial of claims for stacked benefits. Id., 507 Pa. at 72, 488 A.2d at 572. The policy under which appellant seeks to recover contains language identical to the "unambiguous provision" at issue in *Antanovich.* Thus, the trial court's conclusion that appellant had no claim for stacked coverage in light of *Antanovich* may not be disturbed.

With regard to counsel fees, we are unable to discern what other unsatisfied claim could remain to appellant after denial of class certification and preclusion of his individual claim for stacked benefits. Nor does appellant's brief enlighten us in this regard. Consequently, there is no basis for disturbing the summary judgment.

Appellant having failed to establish entitlement to relief, the trial court's order must be affirmed.

Order affirmed.