469 A.2d 574

William McCONNELL and Richard McConnell, Appellants,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF REVENUE, Appellee.

Supreme Court of Pennsylvania.

Argued Oct. 25, 1983.

Decided Dec. 30, 1983.

Richard M. Abrams and Mitchell Kramer, Philadelphia, and Richard F. Stern, Jenkintown, for appellants.

Paul S. Roeder, Deputy Atty. Gen., for appellee.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION

LARSEN, Justice.

Following the death of John McConnell in 1979, appellants William and Richard McConnell, co-executors of the Estate of John McConnell, filed with the Department of Revenue Board of Appeals a class action petition for a refund, pursuant to the Senior Citizens Rebate and Assistance Act, Act of March 11, 1971, P.L. 104, as amended, 72 P.S. §§ 4751-1 *et seq.* The Board of Appeals determined that it had no jurisdiction to resolve appellants' class action request, and denied appellants' request for a rebate. On appeal, the Board of Finance and Revenue sustained the action of the Board of Appeals.

■ Appellants then appealed to the Commonwealth Court by way of a Class Petition for Review which sought two types of relief: certification of this matter as a class action; and appellate review of the action of the Board of Finance and Revenue, including review of that board's failure to certify this matter as a class action.[1] Appellants then filed a motion to have the Commonwealth Court certify their suit as a class action. The Commonwealth Court denied the motion, stating

It is true that the Rules of Civil Procedure are applicable to pleadings in this Court which have been instituted in our original jurisdiction, Pa.R.A.P. 1517, but Petitioners are here in the *appellate* process. It is only where a class has been determined by the trial court or an agency

1. Jurisdiction for this appeal was invoked pursuant to 42 Pa.C.S.A. § 763, allowing direct appeals to the Commonwealth Court from governmental agencies.

authorized to determine a class that the case may proceed as a class action on appeal. This is for the obvious reason that appellate courts have no mechanism by which a class can be determined with the exception of this Court when it is exercising its original jurisdiction.

Memorandum Opinion at 2–3 (emphasis in original). This direct appeal followed.[2]

■ The sole question raised by appellants is whether the Commonwealth Court, in an action seeking review of a decision of the Board of Finance and Revenue, may entertain a request to certify an action as a class action.[3] We have concluded that the Commonwealth Court should have considered appellants' motion on the merits and therefore reverse.

■ Review of determinations of the Board of Finance and Revenue is governed by Pa.R.A.P. 1571.[4] Although the Commonwealth Court hears such cases in its appellate jurisdiction,[5] the Commonwealth Court functions essentially as a trial court under Rule 1571. Thus, the Commonwealth Court, in its appellate jurisdiction, must consider a record made by the parties specifically for that court rather than

**2.** Jurisdiction for this direct appeal from the Commonwealth Court is conferred by 42 Pa.C.S.A. § 723(b). A denial of class action status is a final appealable order. *See Bell v. Beneficial Consumer Discount Company,* 465 Pa. 225, 348 A.2d 734 (1975).

**3.** Since this appeal was filed immediately after the Commonwealth Court denied appellants' motion to certify this matter as a class action, the Commonwealth Court has not yet considered the remaining issues contained in appellants' petition for review, namely, whether the Board of Finance and Revenue erred 1) in concluding that it lacked jurisdiction to consider certification of this matter as a class action, and 2) in denying appellants relief under the Senior Citizens Rebate and Assistance Act.

**4.** Pa.R.A.P. 1571, entitled Review of Determinations of the Board of Finance and Revenue, provides:

(a) General rule. Review of a determination of the Board of Finance and Revenue shall be governed by this chapter [Chapter 15 of the Pennsylvania Rules of Appellate Procedure] and ancillary provisions of these rules, except as otherwise prescribed by this rule.

**5.** *See* 42 Pa.C.S.A. § 763.

one certified to the court from the proceedings below, Pa.R.A.P. 1571(f); [6] and must resolve issues of fact on which the parties disagree, Pa.R.A.P. 1571(f); and a party must file exceptions to an initial determination of the Commonwealth Court in order to preserve issues for appeal, Pa.R.A.P. 1571(i).[7]

■ In view of the fact that Pa.R.A.P. 1571 empowers the Commonwealth Court to conduct factfinding proceedings, it is clear that that court already possesses the machinery necessary to resolve a motion for class certification. In addition, we have concluded that the Rules of Appellate Procedure specifically authorize the Commonwealth Court to entertain such a motion.

■ Our rules recognize the fact that appellate courts entertaining petitions for review must frequently act as trial courts. Thus, Pa.R.A.P. 1517 provides:

Unless otherwise prescribed by these rules, the practice and procedure under this chapter relating to pleadings shall be in accordance with the appropriate Pennsylvania Rules of Civil Procedure, so far as they may be applied.

Since there is no provision in Pa.R.A.P. 1571 excluding the certification of class actions from proceedings to review determinations of the Board of Finance and Revenue, we hold that the Rules of Civil Procedure relating to class actions, Pa.R.C.P. 1701–1716, apply to such proceedings.

In fact, if appellants are to have any opportunity to obtain class certification in this case, that opportunity will

6. Pa.R.A.P. 1571(f) provides:
Record. No record shall be certified to the court by the Board of Finance and Revenue. After the filing of the petition for review the parties shall take appropriate steps to prepare and file a stipulation of such facts as may be agreed to and to identify the issues of fact, if any, which remain to be tried. See Rule 1542(b) (evidentiary hearing).

7. Pa.R.A.P. 1571(i) provides:
Exceptions. Any party may file exceptions to an initial determination by the trial court under this rule within 30 days after the entry of the order to which exception is taken.... Issues not raised on exceptions are waived and cannot be raised on appeal.

have to come before the Commonwealth Court, since neither the statute nor the rules governing actions for rent rebates before the Department of Revenue and the Board of Finance and Revenue authorizes the maintenance of a class action.[8]

> This Court has recognized the benefits of class actions. " 'By establishing a technique whereby the claims of many individuals can be resolved at the same time, the class suit both eliminates the possibility of repetitious litigation and provides small claimants with a method of obtaining redress for claims which would otherwise be too small to warrant individual litigation.' Thus effective use of the class action device could serve the interests both of judicial administration and of justice."

*Bell v. Beneficial Consumer Discount Company*, 465 Pa. 225, 348 A.2d 734, 737 (1975), citing Wright, Class Actions, 47 F.R.D. 169, 170 (1970), quoting *Eisen v. Carlisle & Jacquelin*, 391 F.2d 555, 560 (2d Cir.1968).

■ Accordingly, in order to promote the interests of judicial administration and justice by eliminating the possibility of repetitious litigation and providing claimants with a method of obtaining redress for claims which would otherwise be too small to warrant individual litigation, we hold that the Commonwealth Court, in addition to trying the

---

**8.** In fact, both the statute and the rules specifically provide for the maintenance of rent rebate actions only by individual claimants. *See* 72 P.S. § 4751–3(7) (" 'Claimant' means a person who files a claim for property tax rebate or rent rebate ...."); 61 Pa.Code § 401.1 ("A claimant means an individual who has filed a claim for a rebate under the Senior Citizens Property Tax or Rent Rebate Act ...."); 61 Pa.Code § 403.3 ("Each claimant applying for a rebate under the Senior Citizens Property Tax or Rent Rebate Act shall file a claim ... with the Department of Revenue ...."); 72 P.S. § 4751–11.2 and 61 Pa.Code § 405.2 ("[T]he claimant who is adversely affected by such decision [of the Department] may by petition request the Board of Finance and Revenue to review such action."); 61 Pa.Code § 701.3(a) ("Separate notarized petitions shall be filed with the Board ... for each claim for which refund or review is requested.").

merits of appellants' case,[9] must also entertain appellants' request for class certification.[10]

The order of the Commonwealth Court is reversed and the case is remanded for further proceedings consistent with this opinion.

ROBERTS, C.J., filed a dissenting opinion in which HUTCHINSON and ZAPPALA, JJ., join.

ROBERTS, Chief Justice, dissenting.

I dissent and would affirm the order of the Commonwealth Court denying appellants' motion to certify their appeal to the Commonwealth Court as a class action. There is neither statutory basis nor support in the Rules of Court for the initial certification of a class action on an appeal from a decision of a trial court, let alone on an appeal from a decision of an administrative tribunal in which no class action could properly be brought as an original matter. The sole recourse available to appellants is to request the Commonwealth Court to consolidate their appeal with any other appeal from the Board of Finance and Revenue "where the same question is involved." Pa.R.A.P. 513 (Consolidation of Multiple Appeals).

HUTCHINSON and ZAPPALA, JJ., join in this dissenting opinion.

9. On the merits, appellants challenge the validity of Department of Revenue Regulation 104.4(a), 61 Pa.Code § 401.43(a), which provides:

A claim for a property tax rebate or rent rebate in lieu of property taxes may be filed by the personal representative of a decedent's estate if, and only if, the decedent were alive on or after January 1 of the year next succeeding the calendar year for which a rebate is claimed.

10. Of course, at this stage of the proceedings we express no opinion on the merits of appellants' request to maintain this action as a class action.