503 A.2d 954

**C. William NYE, Jr., Individually and as Administrator of the Estate of Karen L. Nye, Deceased, and all Others Similarly Situated, Appellants,**

v.

**ERIE INSURANCE EXCHANGE; Aetna Casualty and Surety Company; Allstate Insurance Company; American States Insurance Company; CNA Insurance Company; Commercial Union Assurance Company; Donegal Mutual Insurance Company; Employer's Insurance of Wausau; Fireman's Fund Insurance Companies; General Accident Group; Harleysville Insurance Company; Hartford Insurance Group; Home Insurance Company; Insurance Company of North America; Kemper Insurance Company; Keystone Insurance Company; Liberty Mutual Insurance Company; Maryland Casualty Company; Motorists Insurance Company; Nationwide Mutual Insurance Company; Ohio Casualty Insurance Company; Pennsylvania National Insurance Group; the Prudential Insurance Company of America; Royal-Globe Insurance Company; Safeco Insurance Company; Shelby Mutual Insurance Company; State Automobile Mutual Insurance Company; Statesman Group; State Farm Mutual Automobile Insurance Company; Travelers Insurance Companies; United States Fidelity and Guaranty Company.**

Superior Court of Pennsylvania.

Argued Sept. 17, 1985.

Filed Jan. 24, 1986.

Richard C. Angino, Harrisburg, for Nye, appellants.

Clyde W. McIntyre, Pittsburgh, for Erie Ins., appellees.

Before WICKERSHAM, CIRILLO and JOHNSON, JJ.

JOHNSON, Judge:

Appellant, C. William Nye, is the administrator of the estate of Karen L. Nye, who was killed in an automobile accident in Swatara Township on December 21, 1978. Nye filed a class action suit in the Court of Common Pleas of Dauphin County against Appellee, Erie Insurance Exchange, and several other insurance carriers seeking postmortem no-fault benefits for lost wages as provided for under the Pennsylvania No-fault Motor Vehicle Insurance

Act.[1] At the time of her fatal accident Karen Nye was covered by a no-fault motor vehicle insurance policy issued by Appellee.

Preliminary objections were filed by the defendant insurance carriers, which contended that Appellant did not state a cause of action. Additionally, all carriers except Erie Insurance Exchange challenged Appellants' standing to bring the action. The trial court dismissed the complaint against all defendants except Erie and also dismissed the class action complaint filed as against Erie because the complaint did not reflect the existence of dependent survivors.

On appeal, this Court reversed the determination of the trial court in *Nye v. Erie Insurance Exchange,* 307 Pa.Super. 464, 453 A.2d 677 (1982), deciding that a class action suit could be maintained against all the defendants and that there was no requirement to plead the existence of dependent survivors. Upon further review, however, our supreme court, in *Nye v. Erie Insurance Exchange,* 504 Pa. 3, 470 A.2d 98 (1983), concluded that Appellants' complaint stated a cause of action, but that Appellants only had standing to sue Erie Insurance Exchange. The trial court's dismissal of the complaint against insurance carriers other than Erie was affirmed by the supreme court.

Following remand, Appellee Erie Insurance Exchange filed an Answer and New Matter which alleged that the case should be stayed because Erie was a defendant in *Saunders v. Erie Insurance Group,* GD80–9011, a case pending in the Court of Common Pleas of Allegheny County. The *Saunders* complaint, which involved a class action claim seeking no-fault benefits for lost wages, was filed subsequent to the filing of the complaint in the instant case. In *Saunders,* however, the class had already been certified when Erie filed its request for a stay.

1. Act of July 19, 1974, P.L. 489, No. 176, repealed by Act of February 12, 1984, P.L. 26, No. 11, § 8(a), effective October 1, 1984; 40 P.S. § 1009.101 *et seq.*

On May 4, 1984 Appellants filed a motion for class certification, partial summary judgment and consolidation with several other cases pending in Dauphin County. The trial court also had under consideration three petitions to intervene from representatives of decedents insured by Erie and six other petitions from representatives of decedents covered by insurance companies which had already been dismissed from this action.

A certification hearing was held on August 15, 1984. Two days prior to the hearing Appellants filed a Petition to Amend Complaint seeking to enlarge the putative class to include all survivors and estates denied work loss benefits as early as November 15, 1975. In an order and opinion dated September 11, 1984, the trial court denied Appellants' motions for class certification, partial summary judgment and consolidation. The trial court took no action on the Petition to Amend Complaint. This appeal followed.[2]

Appellants initially contend that the trial court erred in refusing to certify the instant class action. The trial court's refusal to certify the class was based on its belief that the *Saunders* class action encompassed the instant case and that it would be duplicative and wasteful of judicial resources to certify another class of Erie insureds. Appellants assert that substantial differences exist between the instant case and *Saunders*.

Appellants also argue alternatively that the trial court should have granted intervention and then transferred the instant action to Allegheny County for consolidation with the *Saunders* case. The trial court concluded that the potential intervenors represented by Erie had unduly delayed in making application for intervention while those represented by insurance carriers other than Erie could not intervene because their carriers had already been dismissed as defendants.

**2.** An order denying class certification is a final and appealable order. *McConnell v. Commonwealth Dept. of Revenue*, 503 Pa. 322, 469 A.2d 574 (1983).

Before addressing the merits of this case we must first consider what standard of review should apply to a trial court's order granting or denying class certification. This question was recently addressed in *D'Amelio v. Blue Cross of Lehigh Valley*, 347 Pa.Super. 441, 500 A.2d 1137 (1985). There we stated:

The lower court's determination regarding class certification is a "mixed finding of law and fact entitled to 'appropriate deference' upon appeal." *Janicik v. Prudential Insurance Co. of America*, 305 Pa.Super. 120, 451 A.2d 451, 454 (1982) (quoting with approval from *Bell v. Beneficial Consumer Discount Co.*, 465 Pa. 225, 235, 348 A.2d 734, 739 (1975) *on remand*, 241 Pa.Super. 192, 360 A.2d 681 (1976) ).

"Trial courts are vested with broad discretion in determining definition of the class as based on commonality of the issues and the propriety of maintaining the action on behalf of the class." *Klemow v. Time, Inc.*, 466 Pa. 189, 197, 352 A.2d 12, 16 (1975). *Accord, Sharkus v. Blue Cross of Greater Philadelphia*, 494 Pa. 336, 342–43, 431 A.2d 883, 886 (1981); *ABC Sewer Cleaning Co. v. Bell of Pennsylvania*, 293 Pa.Super. 219, 225–26 n. 4, 438 A.2d 616, 619 n. 4 (1981). Accordingly, the lower court's order granting or denying class certification will not be disturbed on appeal unless the court neglected to consider the requirements of the rules or abused its discretion in applying them. *See Janicik v. Prudential Insurance Co. of America, supra; Sharkus v. Blue Cross of Greater Philadelphia, supra; Klemow v. Time, Inc.,* supra; *Bell v. Beneficial Consumer Discount Co., supra. See also Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030, 1050 (5th Cir.1981).

*Id.,* 347 Pa.Superior Ct. at 448–49, 500 A.2d at 1140–41.

Applying this standard of review to the instant case, we cannot say that the trial court either failed to consider the requirements of the rules or abused its discretion in applying them.

Pennsylvania Rule of Civil Procedure 1708 states in relevant part:

In determining whether a class action is a fair and efficient method of adjudicating the controversy, the court shall consider among other matters the criteria set forth in subdivisions (a), (b) and (c).

(a) Where monetary recovery alone is sought, the court shall consider

. . . . .

(4) the extent and nature of any litigation already commenced by or against members of the class involving any of the same issues.

The trial court, in considering the *Saunders* case in light of Pa.R.C.P. 1708(a)(4), stated:

Although the *Saunders* class action was commenced well after the *Nye* action, its class has already been certified and over 800 claims have been settled with approval of the supervising court (N.T. Aug 16, 1984, hearing at 6, 9–10). The *Saunders* class action completely encompasses the presently-proposed *Nye* class and in fact goes further by including non-wage earners. In view of that fact it would be duplicative and wasteful of precious judicial resources for us to certify another class of Erie insureds. It would also put defendant to a burdensome and unnecessary expense. We accordingly will not certify the class.

Opinion, 9/11/84 at 7 (footnotes omitted).

■ The allegations of specific differences between the *Nye* and *Saunders* actions include 1) the date of the complaints, 2) the relief requested, 3) the makeup of the class, and 4) the individual settlement techniques employed. Addressing first the difference in the date of filing for the respective complaints, we conclude, as did the trial court, that the fact that the instant case was filed before the *Saunders* case is of no moment. The critical factor here is that the *Saunders* class had been certified first. We perceive no abuse of discretion on the part of the trial court for

not certifying the *Nye* class in spite of the different filing dates of the *Nye* and *Saunders* complaints.

 Next, Appellant suggests that the class in the instant case should have been certified because of the alleged difference in the relief requested. We find no error here, since we can discern no substantial difference in the respective prayers for relief. While we are aware that the relief requested in the *Saunders* case does not explicitly include interest, we note that in paragraph (b) of the *ad damnum* clause to the *Saunders* complaint, a prayer is made for all "appropriate sums due and owing." Exhibit C to Appellants' Brief. In our view, interest was properly claimed in the *Saunders* complaint even though not expressly requested.

 Turning to the alleged differences in the make up of the class, we note that the *Saunders* complaint originally only covered estates where decedents had died subsequent to February 25, 1979 while the *Nye* complaint went back to November 15, 1977. However, the class in the *Saunders* case was redefined on June 21, 1984 to correspond with the original *Nye* complaint. Appellants argue that the make up of the class in *Nye* is broader than the class in *Saunders* because Appellants petitioned to amend their complaint on August 13, 1984 in order to include survivors and estates denied work-loss benefits as early as November 15, 1975. Since the trial court has not disposed of that petition, the make up of the class in *Nye* is identical to the make up of the class in *Saunders*. We are not prepared to anticipate favorable trial court action on the petition in order to find a difference in the make up of the respective classes. This is especially true in light of the trial court's dicta set forth in footnote 6 to its September 11, 1984 opinion. That footnote states:

> The *Saunders* class originally encompassed a class dating back only to February 25, 1979; however, it was later expanded to include decedents' estates dating back to

November 16, 1977, recognizing that our *Nye* action tolled the statute of limitations for those insureds. Furthermore, Judge Silvestri, in ordering that expansion, did not limit it to the *Nye* class of previously-employed decedents but included non-wage earners as well. Thus, all of the *Nye* class is included.

We do note that shortly before this hearing plaintiff *Nye* petitioned this court to broaden his class through an amended complaint, so that it not only includes non-wage earners but also covers a period going back four years from the date the original complaint was filed. That issue is not presently before this court. We nonetheless note that even if we had certified a class today we would not have later granted any amendment. To permit such an amendment would have impermissibly resuscitated stale claims.

■ Additionally, Appellant complains about the manner in which settlements are being handled in the *Saunders* case and suggests that some of those settlements are unfair. These complaints should be brought to the attention of the trial court in *Saunders*. It is not appropriate for us to be reviewing actions in a case which is not before us. To have certified this action when the instant plaintiffs were already part of the *Saunders* class could have resulted in a collateral attack upon orders which had approved individual settlements reached in Allegheny County. The proper procedure for challenging such individual settlements would be to petition the Allegheny County Court to open these settlements. Clearly the trial court did not abuse its discretion by not certifying the class in the instant case.

Finally, Appellants argue in the alternative that the trial court should have granted intervention to the proposed intervenors and then transferred this case to Allegheny County for consolidation with the *Saunders* case. We disagree.

Pennsylvania Rule of Civil Procedure 2329 provides, in relevant part:

**Rule 2329. Action of Court on Petition**

Upon the filing of the petition and hearing, of which due notice shall be given to all parties, the court, if the allegations of the petition have been established and are found to be sufficient, shall enter an order allowing interventions; but an application for intervention may be refused, if

. . . . .

(2) the interest of the petitioner is already adequately represented; or

(3) the petitioner has unduly delayed in making application for intervention or the intervention will unduly delay, embarrass or prejudice the trial or the adjudication of the right of the parties.

In the instant case, several of the potential intervenors were representatives of decedents insured by carriers other than Erie. Since those petitioners no longer have standing in this case based on the supreme court's 1983 decision in *Nye v. Erie Insurance Exchange, supra,* they clearly have no sufficient basis to intervene. For those potential intervenors represented by Erie, we find no abuse of the trial court's discretion in denying intervention. The instant petitions to intervene were filed in the spring of 1984, over four years after the initial complaint was filed. Our supreme court has said that "[t]he question of timeliness of the intervention is one singularly within the periphery of the trial judge's discretionary domain." *Templeton Appeal,* 399 Pa. 10, 17, 159 A.2d 725, 730 (1960). The trial court concluded that these petitions, if granted, would have unduly prejudiced the action and the right of the parties and we see no reason to disturb this exercise of discretion. *See Lewis v. Pine Township,* 27 Pa.Commw. 574, 367 A.2d 742 (1976).

Order affirmed.