578 A.2d 86

**TYGART RESOURCES, INC., Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, Respondent.**

Commonwealth Court of Pennsylvania.

Argued May 1, 1990.

Decided July 23, 1990.

Jack F. Hurley, Jr., with him, Frank A. Sinon and Sherill T. Moyer, Rhoads & Sinon, Harrisburg, for petitioner.

Bart J. DeLuca, Jr., Harrisburg, with him, Ernest D. Preate, Jr., Atty. Gen., for respondent.

Before DOYLE and PALLADINO, JJ., and NARICK, Senior Judge.

PALLADINO, Judge.

Tygart Resources, Inc. (Taxpayer) appeals an order of the Board of Finance and Revenue (Board) which affirmed a decision of the Department of Revenue (Department) denying Taxpayer's election to be taxed as a Pennsylvania S Corporation (S Corp.). We affirm.

Taxpayer and Department submitted to this court stipulations of fact pursuant to Pa. R.A.P. 1571[1] which we adopt. The pertinent findings of fact follow. Taxpayer filed an election to be taxed as an S Corp. which would allow the shareholders of the corporation to be taxed subject to the Pennsylvania Personal Income Tax[2] and not tax the corporation under the Corporate Net Income Tax.[3] Taxpayer owns coal lands in Pennsylvania which it leases to unrelated

---

1. A review of determinations of Department is governed by Pa. R.A.P. 1571. Although the this court hears such cases in its appellate jurisdiction, we function essentially as a trial court. *McConnell v. Department of Revenue,* 503 Pa. 322, 469 A.2d 574 (1983). Therefore, in these cases, we must consider a record made by the parties specifically for the court rather than one certified to the court from the proceedings below. *Id.*

2. See Sections 307.8 and 307.12 of the Tax Reform Code of 1971 (Act), Act of March 4, 1971, P.L. 6, *as amended,* added by § 4 of the Act of December 23, 1983, P.L. 307, (Act) 72 P.S. § 7307.8–§ 7307.12.

3. Article IV of the Act, 72 P.S. §§ 7401–7412.

companies. Pursuant to the leases, the other parties have the right to extract coal from Taxpayer's land in return for payment per ton of coal extracted. Taxpayer receives nearly 100 percent of its total gross receipts from the coal leases.

Department classified Taxpayer's coal lease receipts as royalties. As a result, Department denied taxpayer's S Corp. election because its passive investment income exceeded the statutory limit of 25 percent of gross receipts. Taxpayer filed a petition for resettlement with Department. Department denied the petition. Taxpayer appealed to Board which affirmed.

On appeal, Taxpayer raises the following issues: 1) whether gross receipts from the sale of coal through a lease agreement are royalties under the definition of "passive investment income" for the purposes of determining whether a corporation qualifies for S Corp. status and 2) whether Department has the authority to classify Taxpayer's coal lease receipts as royalties.

S Corp. requirements are set forth in Section 301 of the Act, 72 P.S. § 7301(s.2) as follows:

(s.2) "Small Corporation" means any corporation which has a valid election in effect under subchapter S of Chapter 1 of the Internal Revenue Code of 1954, as amended as of January 1, 1983, and which does not have passive investment income in excess of twenty-five per cent of its gross receipts. For purposes of this clause, "passive investment income" means gross receipts derived from royalties, rents, dividends, interest, annuities and sales or exchanges of stock or securities (gross receipts from such sales or exchanges being taken into account only to the extent of gains therefrom).

As to the first issue, Taxpayer argues that Pennsylvania S Corp. requirements are based on the federal S Corp. requirements and therefore must be interpreted according to the Internal Revenue Code (I.R.C.) because the Act does not define royalties. The parties have stipulated that the payments received by Taxpayer for the extraction and sale

of coal from its coal lands are not classified or classifiable as passive investment income under the I.R.C.[4]

Taxpayer contends that this case is controlled by *Commonwealth v. General Refractories Co.*, 417 Pa. 153, 207 A.2d 833 (1965). In *General*, the taxpayer purchased a foreign corporation and received quantities of magnesite in lieu of actual dividends. Under the I.R.C., the value of the magnesite was treated as a dividend and therefore was deductible. The parties disputed as to whether the magnesite was a dividend under the Pennsylvania Corporate Net Income Tax Act (CNITA). The court identified the issue before it as follows: "whether or not [CNITA] requires that the deduction be taken by reference to federal standards or state concepts (if, in fact, there is a difference between them)." *Id.*, 417 Pa. at 162, 207 A.2d at 837. The supreme court held that the magnesite was subject to the I.R.C. definition of dividend because CNITA is inextricably tied to the I.R.C. In its analysis, the court examined the language of CNITA, the history of the deduction of corporate dividends in both the state and federal systems and the past administrative practices of the commonwealth.

In *General*, the supreme court, tracing the history of CNITA, stated as follows:

At all times, from the initial enactment of [CNITA], to the present day, the measure of the tax has been, with few adjustments, the income upon which tax is paid to the Federal Government ... Pennsylvania has always referred to this measure as "net income", and it has always defined net income as the "net income" ... or "taxable

---

**4.** 26 U.S.C. § 631(c) states in pertinent part as follows:

DISPOSAL OF COAL OR DOMESTIC IRON ORE WITH A RETAINED ECONOMIC INTEREST—In the case of disposal of coal (including lignite), or iron ore mined in the United States, held for more than 1 year before such disposal, by the owner thereof under any form of contract by virtue of which such owner retains an economic interest in such coal or iron ore, the difference between the amount realized from the disposal of such coal or iron ore and the adjusted depletion basis thereof plus the deductions disallowed for the taxable year under section 272 shall be considered as though it were a gain or loss, as the case may be, on the sale of such coal or iron ore.

income" ... returned to and ascertained by the Federal Government.

*Id.,* 417 Pa. at 156, 207 A.2d at 834 (1965).

Applying the *General* criteria to the case at bar, it is clear that the I.R.C. provision exempting coal lease profits from the definition of passive investment income is not "inextricably tied" to Pennsylvania tax principles. While the definition of S Corp. found in the Act requires that a corporation satisfy the federal S Corp. standards, the Act adds the passive investment income requirement. It is not the same wholesale incorporation of tax principles that was found in *General.* Consequently, we hold that the federal tax principles are not incorporated into the Act.

■ The Act does not define "royalties." Section 1903(a) of the Statutory Construction Act of 1972, 1 Pa. C.S. § 1903(a) provides that words shall be construed according to their common and approved usage, but technical words shall be construed according to their peculiar and appropriate meaning.

*Black's Law Dictionary* 1195 (5th ed. 1979) defines royalty in pertinent part as follows:

Compensation for the use of property, usually copyrighted material or natural resources, expressed as a percentage of receipts from using the property or as an account per unit produced ... In mining and oil operations, a share of the product or profit paid to the owner of the property.

*Webster's Third New International Dictionary* 1982 (1986) pertinently defines royalty as follows:

[A] share of the product or profit of property reserved by the owner when the property is sold, leased, or used or a payment (a percentage of the amount of property used) to the owner for permitting another to exploit, use or market such property (as natural resources, patents, or copyrights) which is often subject to depletion with use.

We conclude that the payments received by Taxpayer in exchange for the right to extract coal from Taxpayer's land are royalties under the Act.

■ As to the second issue, Taxpayer argues that Department did not have the authority to define royalties because Department failed to promulgate any regulations establishing the definition in violation of Sections 201 and 202 of what is commonly called the Commonwealth Documents Law (Law), Act of July 31, 1968, P.L. 769, *as amended*, 45 P.S. §§ 1201–1202.

The Law merely provides notice requirements for regulations promulgated by agencies. The Act clearly provides that applications for S Corp. status be made to Department. Nothing in the Act requires Department to promulgate regulations. Department's determination follows directly from the Act so that no regulations are required.

Accordingly, we affirm.

## ORDER

AND NOW, July 23, 1990, the order of the Board of Finance and Revenue in the above-captioned case is affirmed. Judgment shall be entered unless exceptions are filed within thirty (30) days.