## Shaffer v. Nationwide Mutual Insurance Co.

*Richard Angino* and *Pamela G. Shuman*, for plaintiffs.

*Curtis P. Cheyney III* and *James C. Haggerty*, for defendant.

HESS, *J.*, December 12, 1990—This case is before us on plaintiff's motion for class certification. For the reasons which follow, the motion will be denied.

On October 5, 1990, a hearing was conducted before the undersigned for the purpose of class certification. We will not recapitulate the testimony except to note that the plaintiffs seek to recover work-loss benefits, interest and attorneys' fees on behalf of deceased victims of motor vehicle accidents pursuant to the Pennsylvania No-fault Motor Vehicle Insurance Act, 40 P.S. 1009.101 et seq. The proofs at our class certification hearing indicated that the prerequisites of Pennsylvania Rule of Civil Procedure 1702 have been met. Those are, specifically, that:

(a) The class is so numerous the joinder of all members is impracticable;

(b) There are questions of law or fact common to the class;

(c) The claims or defenses of the representative parties are typical of the claims or defenses of the class;

(d) The representative parties will fairly and adequately assert and protect the interests of the class under the criteria set forth in Rule 1709; and

(e) A class action provides a fair and efficient method for adjudication of the controversy under the criteria set forth in Rule 1708.

Our inquiry now focuses on a narrow question of whether a class of Nationwide Mutual insureds can be certified in the present action in light of the class certification in a Philadelphia County action known as *Hardy v. Nationwide Mutual Insurance Co.,* docketed at 5863 August term 1982. We are satisfied that the pendency of the Philadelphia class action precludes class certification in this county. In *Hardy v. Nationwide Mutual Insurance Co.,* the Court of Common Pleas of Philadelphia County certified a class on September 28, 1984. That class was defined as:

"Personal representatives of the estates of all decedents whose death arose out of the use or maintenance of a motor vehicle:

"(a) where such decedent was insured under a policy of insurance issued by the defendant or whose claim for no-fault benefits was assigned to defendant under the Assigned Claims Plan pursuant to the No-fault Act section 108 (40 P.S. §1009.108), and

"(b) where death occurred on or after July 19, 1975 (the effective date of the No-Fault Act) and was reported to defendant on or before the date of this order, and

"(c) where defendant has not paid post-mortem work-loss benefits."[1]

In *Hardy,* a case in which Mr. Richard Angino, Esq., also attorney for plaintiffs in this case, has become involved as counsel for the plaintiffs, a settlement was effected. Following settlement a substantial number of additional putative class members were discovered and a supplemental stipulation of settlement was signed by counsel and approved by the court. On the same date that the supplemental stipulation was approved, June 30, 1988, the court, in Philadelphia, entered a decree staying all pending suits against Nationwide, in both state and federal courts of the Commonwealth "which seek recovery of post-mortem work-loss benefits, interest and/or counsel fees where the insured estate has not received notice of the present action; or having received notice, has failed to opt out of the present action. . ." and further stayed any "subsequently filed suits against Nationwide . . . wherein an insured estate seeks to establish or

---

1. Five volumes of papers and pleadings, representing the record in the case of *Hardy v. Nationwide,* have been lodged with this court.

represent a class of insured estates for the recovery of work loss benefits. . ."[2]

According to the supplemental stipulation in *Hardy,* either party has the opportunity to opt out of the settlement agreement. If the settlement agreement is opted out of, the claims in *Hardy* will proceed forward with the defendant retaining all defenses. As of this moment, the representative plaintiff has not opted out of *Hardy,* nor has the action been terminated. In short, there remains a viable class action in Philadelphia County in which the claims of the various individual plaintiffs in our case have yet to be resolved.

Notwithstanding, plaintiffs' counsel in the instant matter makes a case that the settlement proceeds in *Hardy* are insufficient to resolve the unpaid claims in this Cumberland County action. He purports to opt out of the Philadelphia suit by exercising his right in the Court of Cumberland County, in an action which is not filed here. This, of course, cannot be done. He would, therefore, have us certify what is essentially a competing class, rather than exercise the opt-out provision in *Hardy* before the proper tribunal.

In *Nye v. Erie Insurance Exchange,* 349 Pa. Super. 490, 503 A.2d 954 (1986), the Superior Court specifically held that the lower court had not abused its discretion in refusing to certify a class where a class of the same plaintiffs had already been certified in another county. Pennsylvania Rule of Civil Procedure 1708 states in relevant part:

"In determining whether a class action is a fair and efficient method of adjudicating the contro-

---

2. Because of our disposition of this case, we need not consider the question of whether a common pleas court has the power to stay an action in another judicial district.

versy, the court shall consider among other matters the criteria set forth in subdivisions (a), (b) and (c).

"(a) Where monetary recovery alone is sought, the court shall consider. . .

"(4) the extent and nature of any litigation already commenced by or against members of the class involving any of the same issues."

In *Nye* the Superior Court reiterated the lower court's determination that a previously certified[3] class action encompassed the proposed *Nye* class. The Superior Court then quoted with favor the conclusion of the lower court:

"In view of that fact it would be duplicative and wasteful of precious judicial resources for us to certify another class of Erie insureds. It would also put defendant to a burdensome and unnecessary expense. We accordingly will not certify the class."

We come to the same conclusion in this case. We do this having had the benefit of the voluminous record in *Hardy* which makes apparent the substantial expenditure of time, money and judicial resources which have gone into resolving the differences which separate these parties. To certify a class in Cumberland County, at this point, would be to set a course which can only be described as improvident.

## ORDER

And now, December 12, 1990, after careful consideration thereof, the motion of plaintiffs for class certification is denied.

---

3. Though the complaint in *Nye* was filed earlier than the other action, the latter was the first certified.