ARMCO, INC., Petitioner,

v.

COMMONWEALTH of Pa., Respondent.

Commonwealth Court of Pennsylvania.

Argued Dec. 16, 1992.
Decided June 28, 1993.
Ordered Published Feb. 8, 1995.

_____

Jeffrey L. Gilbert and Anthony R. Thompson, for petitioner.

Ronald H. Skubecz, for respondent.

Before DOYLE and SMITH, JJ., and LORD, Senior Judge.

SMITH, Judge.

Armco, Inc. (Armco), appeals from the May 31, 1989 order of the Board of Finance and Revenue (Board) which denied Armco's petition for refund of taxes paid pursuant to Sections 1102–C–1113–C of the Tax Reform Code of 1971 (Realty Transfer Tax Act), Act of March 4, 1971, P.L. 6, *as amended,* 72 P.S. §§ 8102–C—8113–C. The issue presented to this Court is whether Armco met its burden to prove that a transfer of real property to Armco Advanced Materials Corporation

**1192**

(AAMC)[1] was an excluded transaction under the Realty Transfer Tax Act and regulations promulgated thereunder.

The Realty Transfer Tax Act imposes a tax on recording any document which effects a transfer of interest in land. *Baehr Bros. v. Commonwealth*, 487 Pa. 233, 409 A.2d 326 (1979). Section 1102–C.3(11) of the Realty Transfer Tax Act, 72 P.S. § 8102–C.3(11), excludes from tax transfers:

> (i) for no or nominal actual consideration between principal and agent or straw party; or

> (ii) from or to an agent or straw party where, if the agent or straw party were his principal, no tax would be imposed under this article.

> Where the document by which title is acquired by a grantee or statement of value fails to set forth that the property was acquired by the grantee from, or for the benefit of, his principal, there is a rebuttable presumption that the property is the property of the grantee in his individual capacity if the grantee claims an exemption from taxation under this clause.

In relevant part, 61 Pa.Code § 91.154 states that "[t]ransfers ... between a subsidiary and parent corporation ... are fully taxable, unless the transaction is excludable under § 91.193(b)(11) or (13) (relating to excluded transactions)." Transfers for no or nominal actual consideration between principals and agents are excluded from tax imposed under the Realty Transfer Tax Act by 61 Pa.Code § 91–193(b)(11) which also refers to 61 Pa.Code § 91.153 (relating to principal and agent).[2] "A transfer without consideration to an agent from the agent's principal of realty in which the principal retains the beneficial interest is not subject to tax." 61 Pa.Code § 91.153(b)(1).[3]

■ Armco conveyed legal title of various parcels of real estate to AAMC by deed dated and recorded December 31, 1987, and paid $204,635.32 in realty transfer tax to the Commonwealth of Pennsylvania. On June 16, 1988, Armco filed an application for refund of realty transfer tax with the Department of Revenue (Department) seeking a refund for the tax paid. On October 19, 1988, the Department denied Armco's application as it determined that the conveyance was a taxable transfer from a parent corporation to a subsidiary corporation. On December 15, 1988, Armco filed its petition for refund with the Board. The Board sustained the Department's denial and determined that the transaction was taxable pursuant to 61 Pa.Code § 91.154 as the conveyance is not excluded from tax pursuant to 61 Pa.Code § 91.193(b)(11) since no principal/agent relationship existed between Armco and AAMC. On appeal to this Court, Armco argues that it is entitled to a refund because a principal/agent relationship existed between Armco and AAMC when the Deed was recorded, and because Armco conveyed the property to AAMC for no or nominal consideration.

■ It is for the Board to determine whether taxes paid, including realty transfer taxes, are to be refunded. *Sabatine v. Commonwealth*, 497 Pa. 453, 442 A.2d 210 (1981). A review of determinations of the Board is governed by Pa.R.A.P. 1571. Although this Court hears such cases in its appellate jurisdiction, it functions essentially as a trial court. *McConnell v. Department of Revenue*, 503 Pa. 322, 469 A.2d 574 (1983). Therefore, this Court must consider a record made by the parties specifically for the Court rather than one certified to the Court from the proceedings below. *Tygart Resources, Inc. v. Commonwealth*, 134 Pa.Commonwealth Ct. 168, 578 A.2d 86 (1990), *aff'd*, 530 Pa. 199, 607 A.2d 1074 (1992). Furthermore,

---

1. Armco and AAMC, a wholly owned subsidiary of Armco, merged pursuant to an agreement of merger dated April 27, 1990.

2. Transfers from corporations or associations to its shareholders are addressed by 61 Pa.Code § 91.193(b)(13) which is not relevant to the matter sub judice.

3. An agency's interpretation of a statute through regulations is entitled to great judicial deference and will not be disregarded by this Court unless clearly inconsistent with the statute. *See Smith-Kline Beckman Corp. v. Commonwealth*, 85 Pa.Commonwealth Ct. 437, 482 A.2d 1344 (1984), *aff'd*, 508 Pa. 359, 498 A.2d 374 (1985).

a party appealing from a denial of a tax refund by the Board has the burden of proof in a de novo proceeding before this Court. *Sabatine.*

The parties stipulated, inter alia, that AAMC was incorporated on December 11, 1987 and the first directors of AAMC were all executive officers of Armco; Armco and AAMC executed an agreement of reorganization on December 31, 1987 which required Armco to transfer and convey all of its rights, title and interest in and to all business, assets and operations of a corporate division known as the Armco Specialty Steels Division to AAMC; Armco conveyed its legal title in the property to AAMC by recording the deed with the recorder of deeds for Butler County; pursuant to the agreement, Armco acquired all 1,000 shares of the AAMC $1 par value stock which had been issued and was outstanding as of that date; and Armco received and AAMC paid no monetary consideration for the transfer of legal title of the subject property.

With respect to whether a principal/agent relationship existed, the parties stipulated that Armco reviewed and approved AAMC's annual budget; proposed capital expenditures above $250,000; monthly reports detailing any proposed deviations from the annual budget; all borrowing and other indebtedness to be incurred by AAMC; and all proposed contracts for the purchase of equipment, material and supplies. In addition, AAMC's financial records were subject to Armco's regular auditing procedures, cash received by AAMC was transferred monthly to Armco's controlled cash management system, and deficiencies in AAMC's liquidity were funded by Armco at no financing cost to AAMC. AAMC's wage and employment policies were essentially established by and adopted from Armco and Armco approved personnel, employment and health agreements of AAMC's employees. Finally, all but routine legal matters were handled by Armco's legal department and AAMC's day-to-day management processes and operation procedures remained subject to the oversight, approval and control of Armco.

■ Armco does not dispute that it did not claim an exclusion from tax pursuant to the Realty Transfer Tax Act or the regulations promulgated thereunder in either the deed or statement of value filed on December 31, 1987. Thus, Armco must prove not only that a principal/agent relationship existed between it and its wholly owned subsidiary when a transfer of interest occurred and that the transfer was for no or nominal actual consideration, but must also overcome the rebuttable presumption that the property was in fact transferred to AAMC in its individual capacity and not in its capacity as an agent of Armco by establishing that Armco retained a beneficial interest in the property.

■ Without citation to any authority, Armco argues that the rebuttable presumption does not apply because it as grantor paid the tax and it is the party claiming the exemption rather than AAMC as grantee. However, this argument has no merit as the basis of the tax is not the status of the parties to the transaction but is the recording of a document effecting conveyance of interest in realty, *Commonwealth v. Passell,* 422 Pa. 473, 223 A.2d 24 (1966); and 61 Pa.Code § 91.153(b)(1) provides that the grantor must retain a beneficial interest in the property. Further, Section 503(a) of the Fiscal Code, Act of April 9, 1929, P.L. 343, *as amended,* 72 P.S. § 503(a), provides that when money is paid to the Commonwealth to which the Commonwealth is not rightfully or equitably entitled, that money shall be refunded (upon the allowance of a petition) to the corporation entitled to the refund. Here, at the time that the requests for refund were filed, AAMC was not entitled and could not seek a refund as it was not the party who paid the tax.

While the stipulated facts are probative of Armco's involvement in the overall policies, practices and finances of the business, Armco failed to present any evidence that it retained any beneficial interest in the property. *See Passell.* Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, this 28th day of June, 1993, the order of the Board of Finance and Review is affirmed. The Chief Clerk shall enter judgment in favor of the Commonwealth of Pennsylvania unless exceptions are filed within thirty (30) days of the filing of this Order as required by Pa.R.A.P. 1571(i).