499 A.2d 354

**George W. KRUTH, Administrator of the Estate of Mary E. Baird A/K/A Mary Kruth, Deceased, and All Others Similarly Situated, Appellant,**

v.

**LIBERTY MUTUAL INSURANCE COMPANY, Appellee.**

Superior Court of Pennsylvania.

Argued April 30, 1985.

Filed Sept. 27, 1985.

---

148

Richard C. Angino, Harrisburg, for appellant.

Jeffrey B. Rettig, Harrisburg, for appellee.

Before TAMILIA, MONTGOMERY and ROBERTS, JJ.

MONTGOMERY, Judge:

This action was instituted in the lower court to recover No-fault work loss benefits for a decedent's estate and all others similarly situated.[1] The Defendant insurer provided the No-fault coverage to the decedent, who lost her life when accidentally asphyxiated by carbon monoxide poisoning in a motor vehicle. The Plaintiff-Appellant administrator of the estate files the instant appeal from the lower

---

1. The Pennsylvania No-fault Motor Vehicle Insurance Act, Act of July 19, 1974, P.L. 489, No. 176, § 101–701, was repealed by the Act of February 12, 1984, P.L. 26, No. 11, § 8(a), effective October 1, 1984.

court's denial of his class certification petition and the granting of Defendant's motion for summary judgment. He also challenges the lower court's denial of a petition for reconsideration of the certification request.

With regard to the class certification issue, we must be guided by Pennsylvania Rule of Civil Procedure 1702, which sets forth the prerequisites for certification by our courts:

One or more members of a class may sue or be sued as representative parties on behalf of all members in a class action only if

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class;

(4) the representative parties will fairly and adequately assert and protect the interests of the class under the criteria set forth in Rule 1709; and

(5) a class action provides a fair and efficient method for adjudication of the controversy under the criteria set forth in Rule 1708.

In the case of *Janicik v. Prudential Insurance Company of America,* 305 Pa.Super. 120, 451 A.2d 451 (1982), the proper approach to the consideration of class certification requests was set forth as follows:

Once the class action allegations are well-pleaded, as was conceded here, the class proponent at the class certification hearing must present evidence of the underlying facts from which the court can conclude that the five class certification requirements are met.... Because the requirements for class certification are closely interrelated and overlapping, the class proponent need not prove separate facts supporting each; rather, her burden is to sufficiently establish those underlying facts from which the court can make the necessary conclusions and discretionary determinations.... Though this initial burden is not heavy, it requires more than mere conjecture,

and conclusory allegations, especially if facts of record tend to contradict the propriety of the class action. 305 Pa.Super. at 129–130, 451 A.2d at 455. (Citations and other information omitted)

While the lower court recognized these guiding principles, and expressed in its opinion a recognition that doubts about certification should be resolved in favor of allowing the class action, it nevertheless found a complete failure by the Appellant to establish two of the required criteria mandated by Rule 1702.

The court first concluded that the Appellant had not demonstrated that the class was so numerous that joinder of all members would be impractical. It appears that the Plaintiff sought information in discovery which would have provided evidence as to the size of the purported class. The Plaintiff did not receive responses to such inquiries prior to the lower court's scheduling of a hearing on the certification request. During that hearing the point was raised that such information had not been provided by the Defendant voluntarily and the court had not issued any order compelling its production. However, Plaintiff's counsel stated that he saw no problem with going forward in these circumstances and elected to proceed with the hearing without such information. Moreover, the colloquy between Plaintiff's counsel and the court indicated that the trial judge had also contacted the attorney by telephone prior to the class certification hearing to inquire if there would be any objection to proceeding with the hearing in such circumstances, and had received the same response.

■ It appears that the Plaintiff's only attempt to satisfy the numerosity requirement was to request that the trial court take judicial notice of the number of vehicles insured in our Commonwealth and the number of highway deaths which occur annually. In light of this record, we cannot hold that the lower court erred in determining that the crucial element of numerosity had not been adequately demonstrated by the Plaintiff-Appellant.

We also discern no error in the lower court's conclusion that the Plaintiff failed to adequately establish that as a representative, he would fairly and adequately assert and protect the interests of the class under the criteria set forth in Pennsylvania Rule of Civil Procedure 1709. That Rule states:

> In determining whether the representative parties will fairly and adequately assert and protect the interests of the class, the court shall consider among other matters
>
> (1) whether the attorney for the representative parties will adequately represent the interests of the class,
>
> (2) whether the representative parties have a conflict of interest in the maintenance of the class action, and
>
> (3) whether the representative parties have or can acquire adequate financial resources to assure that the interests of the class will not be harmed.

■ Our review of the record compels a finding that the lower court was correct in stating, in its opinion, that there was an absence of evidence to support the Plaintiff's burden with respect to sections (2) and (3) of the Rule. The Plaintiff was not present at the certification hearing, and no affidavits, depositions, or other proof was offered on his behalf on these points. Thus, we must hold that the lower court did not err in denying class certification because of the Plaintiff's failure to even minimally establish the adequacy of his representation of the requested class.

The Plaintiff's initial failure to satisfy its class certification burdens becomes even more evident as we examine its contention that the lower court should have granted his request for reconsideration of the certification issue. As part of his petition for reconsideration, the Plaintiff included factual statistical information bearing on the numerosity requirement, and an affidavit supportive of his burden of proof on the adequacy of representative element of Rule 1702.

■ The general rule is that a court may in its discretion grant a rehearing, but such decisions are peculiarly

within the sound discretion of the trial court. *In re J.E.F.*, 487 Pa. 455, 409 A.2d 1165 (1979). A denial of an opportunity for rehearing or reconsideration for the purpose of receiving additional evidence will not ordinarily be disturbed by an appellate court. *Commonwealth v. Deitch*, 449 Pa. 88, 295 A.2d 834 (1972). Reversal is appropriate only if the lower court has committed an abuse of discretion. *Thomas v. Waters*, 350 Pa. 214, 38 A.2d 237 (1944).

█ No such abuse by the lower court is apparent in this case. The Appellant has not convinced us of any more than that he failed to satisfy his burden of proof when initially offered a full opportunity to do so, and now wants a second chance to attempt to show an entitlement to class certification. This does not establish any basis for a reversal of the lower court's order denying reconsideration on the certification issue.

Finally, we examine the Appellant's contention that the lower court should not have granted summary judgment. The lower court determined that the Plaintiff's claims were barred by the applicable statute of limitations. The Appellant maintains that although this action was first instituted over five years after the date of the decedent's vehicle-related death, the statute of limitations was tolled by other class actions previously commenced. The Appellee has conceded that the Appellant's argument on this point has merit. We are constrained to agree.

The question of whether a class action will toll an applicable statute of limitations for all purported class members was addressed in the landmark case of *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974); rehearing denied 415 U.S. 952, 94 S.Ct. 1477, 39 L.Ed.2d 568 (1974). There the Supreme Court, analyzing federal class action concepts, held that commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties to the class had the suit been permitted to continue as a class action. While the Supreme Court in *American Pipe* suggested that its holding was

applicable in the limited situation where class certification was denied because of a failure by the plaintiff to establish the numerosity requirement, later holdings have made it clear that the same tolling rule would be applied in other class action settings. See *Crown Cork & Seal Co. v. Parker*, 462 U.S. 345, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983). Although these cases obviously involved considerations of federal rules and precedents, the rationale and rule has been adopted in our Commonwealth by our own Supreme Court. In *Alessandro v. State Farm Mutual Automobile Insurance Co.*, 487 Pa. 274, 409 A.2d 347 (1979), the following is set forth at footnote 9:

> Unlike a case where parties are joined, all members of a class action are "parties plaintiff" upon the filing of the complaint. When the defendant successfully moves for decertification, the decertified parties are "put out of court" as to the class action. This order is final, *Lee v. Child Care Services*, 461 Pa. 641, 337 A.2d 586 (1975), and the decertified class members may then pursue their actions on an individual basis. They will not be time barred by the statute of limitations, as it is suspended during the time they are allegedly parties to the class action. *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974). 487 Pa. at 279, 409 A.2d at 350.

Thus, it is clear that the Appellant's claim could not be held to be time barred if a previously filed class action, in which the Appellant would have been a class member, tolled the applicable statute as to his claim. Both parties to this appeal refer us to the case of *King v. Liberty Mutual Insurance Co.*, No. 3340 December Term 1980 (Philadelphia County), in which suit was filed on December 19, 1980, less than three years after the death of Appellant's decedent. This was well within two years of the last date on which the victim in this case would have recived monthly work loss benefits and within four years of his death. See *Kamperis v. Nationwide Insurance Company*, 503 Pa. 536, 469 A.2d 1382 (1983), regarding the applicable statute of limitations.

It is agreed that in that case, the administrator of a decedent's estate instituted a class action seeking No-fault work loss benefits on behalf of the decedent, identical to those sought by the Appellant in this case. At the time briefs were filed in our Court in the instant case, the *King* case was apparently proceeding in Philadelphia County.

Thus, it is evident that the *King* case filing tolled the statute of limitations applicable to the Plaintiff in this case. Accordingly, the lower court erred in holding that the Plaintiff's claim was time barred. The order granting summary judgment in favor of the Appellee cannot stand.

The part of the Order of the lower court denying class certification is affirmed. The part of the Order granting the Appellee's motion for summary judgment is reversed, and this case is remanded to the trial court for further proceedings. Jurisdiction is not retained.